illness of the husband he lived with the wife, yet at that time he was feeble-minded, and the conservator paid the wife a certain amount per week to nurse him and take care of him until he died, and there was no evidence to show that any actual marital relations were resumed between the parties, in fact there could not have been under said circumstances. There is nothing in the opinion in that case expressing any views contrary to those held herein.

We are of opinion, therefore, that if the marital relations were fully resumed between the parties in this suit after said contract was made, such action of the parties themselves abrogated said agreement and it became null and void in so far, at least, as it attempts to relieve the husband of the maintenance and support of his wife and child. Whether such marital relations were resumed was a question of fact to be determined from the evidence upon the hearing, and it follows that the Circuit Court erred in refusing to hear any testimony and in dismissing the bill for want of equity.

The decree will be reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed and remanded.*

---

**Henry Marriage, Appellee, v. Electric Coal Company, Appellant.**

**(Not to be reported in full.)**

Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 5, 1914. Rehearing denied June 25, 1914. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Action by Henry Marriage against Electric Coal Company, a corporation, to recover for personal injuries received by plaintiff while working in defendant's mines. A verdict was rendered finding defendant guilty and assessing plaintiff's damages at $3,545. To reverse a judgment entered on the verdict, defendant appeals.

The declaration consists of four counts. The first, third and fourth charge defendant with common-law negligence. The second count is predicated upon the wilful violation of section 21, paragraph "a" of the Mines and Miners' Act of 1907 (corresponding section of Act of 1911, J. & A. ¶ 7489), which was in force at the time of the injury. The second count, in substance, charges that on February 4, 1911, the defendant was operating the coal mine in question and plaintiff was in the employ of defendant as a coal digger; that in the performance of his duties it was necessary for him in going to and from his work to pass through the second southeast main entry in said mine, which was used as a single track haulage road on which the trains of pit cars were moved by machinery; that plaintiff and others traveled on foot to and from their work through said entry; that defendant wilfully failed to cut in the said walls of said haulage road places of refuge not less than three feet in depth, four feet wide and five feet high and not more than twenty yards apart, or to provide a clear place of at least three feet between the sides of the cars traveling on said haulage road and the side of the road; that while traveling on foot to his work in said entry a train of cars, or trip, struck him by reason of defendant's wilful failure to comply with the statute and plaintiff was unable to escape from said cars or trip and was crushed between the same and the side of the entry and had his hip broken and was otherwise permanently injured. The defendant filed the plea of general issue to all the counts.

It is conceded that at the time of the accident no places of refuge were constructed and maintained in this haulage way as required by section 21 of the statute, and that there was not a clear space of three feet wide on either side of the entry between the sides of the cars and the entry, but it is contended that the failure to provide said place of refuge was not the proximate cause of the injury.

Charles Troup, for appellant; Mastin & Sherlock, of counsel.

Thomas A. Graham, for appellee; Charles W. Fleming, of counsel.

Mr. Justice Eldredge delivered the opinion of the court.

### Abstract of the Decision.

1. Appeal and error, § 1526*—*when giving of erroneous instruction harmless error.* The giving of an erroneous instruction in relation to one count in the declaration, *held* harmless where the verdict may be sustained under a different count.

2. Appeal and error, § 1734*—*when errors not assigned on first appeal cannot be urged on second appeal.* Alleged errors in instructions cannot be urged where the same instructions were given but were not assigned for error on a prior appeal.

3. Mines and minerals, § 106*—*when rule of mine abandoned.* Evidence *held* to show that a posted rule of the mining company prohibiting employees to travel on a haulage road of the mine had abandoned and was not in force at the time of an injury to an employee, where it was the habit of the employees to walk to and from work through the haulage way and the company itself had abandoned the rule.

4. Mines and minerals, § 181*—*when question whether violation of Miners Act was proximate cause of injury is for jury.* In an action by a miner to recover for personal injuries alleged to have resulted from a wilful failure of defendant to provide places of refuge in compliance with paragraph "a" of section 21 of the

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

Mines and Miners' Act of 1907 (corresponding section of Act of 1911, J. & A. ¶ 7489), *held* under the facts of the case that the question whether the violation of the statute was the proximate cause of the injury was a question for the jury.

## Lawrence D. Benedict, Appellant, v. John H. Holmes et al., Appellees.

### (Not to be reported in full.)

Appeal from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 5, 1914.

### Statement of the Case.

Action by Lawrence D. Benedict against John H. Holmes and C. J. Keiser upon the following written instrument:

"In consideration of the purchase price paid to us for the timber described in attached bill of sale, said timber standing on Sections 2, 3, 10 and 11, Township 31 North, of Range 9 West, we hereby agree to indemnify L. D. Benedict, his heirs or assigns, against any loss or damage which may be caused him by reason of the existence of any mortgage or incumbrance on the above described premises.

(Signed)   C. J. KEISER,
J. H. HOLMES."

Defendants sold by bill of sale to plaintiff the timber standing upon about three hundred acres of land for the purchase price of $2,250. These lands, together with others, were incumbered with mortgages. After the bill of sale was executed and delivered, the agreement above set out was executed. Plaintiff began to remove timber from the land and cut timber therefrom for nearly a year, when a bill was filed to foreclose the mortgage and plaintiff was enjoined from